IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

GENE FERGUSON,                          §
          Plaintiff,                    §
                                        §
VS.                                     §        CIVIL ACTION NO. 4:09-CV-468-Y
                                        §
SAMUEL BAUGHMAN, RONALD                 §
CHAPMON, WENDELL PIERCE,                §
TRACY WELLS and ADDITIONAL              §
ARLINGTON POLICE DEPARTMENT             §
OFFICERS TO BE NAMED ONCE               §
THEIR IDENTITIES ARE DETERMINED,        §
          Defendants                    §

## DEFENDANT SAMUEL BAUGHMAN'S FIRST AMENDED ANSWER

TO THE HONORABLE TERRY MEANS, UNITED STATES DISTRICT JUDGE:

Defendant Samuel Baughman submits the following First Amended Answer to Plaintiff's

Original Complaint and would show the Court as follows:

### I. RESPONSES PURSUANT TO RULE 8, FED.R.CIV.P.

Paragraphs of Plaintiff's Original Complaint are identified below as "PARAGRAPH

(_)."

1.      PARAGRAPH 1:  The averments contained in Paragraph 1 are not the type of

averments that require admission or denial.

2.      PARAGRAPH 2:  Defendant admits Plaintiff has attempted to state a claim over

which this Court would have jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343.  Defendant

does not admit that Plaintiff has stated a claim over which this Court has jurisdiction or for

which any relief or recovery could be granted to him.

3.     PARAGRAPH 3: Defendant admits that venue for this suit is properly within the Fort Worth Division of the Northern District of Texas pursuant to 28 U.S.C. § 1391 (*Venue Generally*).

4.     PARAGRAPH 4:  Defendant denies the allegations in Paragraph 4 of the Complaint and demands strict proof thereof.

5.     PARAGRAPH 5: Defendant is without sufficient knowledge to admit or deny the statement in Paragraph 5 of the Complaint.

6.     PARAGRAPH 6: Defendant admits that he was a Tarrant County deputy sheriff and a licensed peace officer and was acting with lawful authority, pursuant to his duties and scope of employment and under of color of law at the time alleged on October 8, 2007 but denies the remainder of the allegations in Paragraph 6 of the Complaint.

7.     PARAGRAPH 7: Defendant is without sufficient knowledge to admit or deny the statement in Paragraph 7 of the Complaint.

8.     PARAGRAPH 8: Defendant denies the events described in Paragraph 8 occurred on October 7, 2007 but admits that he arrived at a residence located at 2405 Sherry Street in Arlington, Texas, on October 8, 2007, at approximately 10:00 o'clock P.M., with Defendants Pierce, Wells and Chapmon for the purpose of executing a felony arrest warrant for Jennifer Ferguson; that Jennifer Ferguson was present in the residence; that the officers knocked on the door, announced their business and requested entry; that permission was not granted; that Jennifer Ferguson attempted to evade the officers and hide in the residence; and that Plaintiff was present.  Defendant is without sufficient information to admit or deny whether Plaintiff was asleep at the time of arrival of the officers.

9.    PARAGRAPH 9:  Defendant admits that an African-American female, identified as Jennifer Ferguson, inside the residence refused entry to the officers and that the officers were authorized to force entry.   Defendant denies the remainder of the allegations contained in Paragraph 9 of the Complaint.   The defendant officers were at the location to serve a felony arrest warrant on Jennifer Caldon Ferguson.  An accurate copy of the arrest warrant is attached hereto as **Exhibit A**.[1]  The Tarrant County grand jury returned an indictment for felony theft against Jennifer Ferguson which was filed as Case. No 1081154, in the 398th Criminal District Court of Tarrant County, Texas.   An accurate copy of the indictment is attached hereto as **Exhibit B**.  Because Jennifer Ferguson failed to surrender or otherwise cooperate and attempted to evade arrest, the defendant officers made a forcible entry.  An accurate copy of the Tarrant County Sheriff's Department Warrant Division Forcible Entry Report is attached hereto as **Exhibit C**.   (The Forcible Entry Report and other documents relevant to this case were previously provided to Plaintiff's counsel of record in response to a request for records made on behalf of Plaintiff pursuant to the Texas Public Information Act (Sec. 552.001, et seq., TEX. GOV'T. CODE ANN. (Vernon 2007)).  See **Exhibit C-1** and **Exhibit C-2**.)  Jennifer Ferguson subsequently pled guilty and was convicted of a lesser included offense charged in the indictment.   An accurate copy of the Judgment is attached hereto as **Exhibit D**.   Jennifer Ferguson was previously convicted of assault on October 17, 2006 in Case No. 1035817, County Criminal Court No. 5 of Tarrant County.  Accurate copies of the charging instruments and the

---

[1]  Art. 15.01, Texas Code of Criminal Procedure provides that: "A 'warrant of arrest' is a written order from a magistrate directed to a peace officer or some other person specifically named, commanding him to take the body of the person accused of an offense, to be dealt with according to law." Art. 23.01, Texas Code of Criminal Procedure provides that: "In this chapter, a "capias" is a writ that is: (1) issued by a judge of the court having jurisdiction of a case after commitment or bail and before trial, or by a clerk at the direction of the judge; and (2) directed 'To any peace officer of the State of Texas', commanding the officer to arrest  a person accused of an offense and bring the arrested person before the court immediately or on a day or at a term stated in the writ." Art. 23.03, Texas Code of Criminal Procedure, in relevant part, states: "(a) A capias shall be issued by the district clerk upon each indictment for felony presented, after bail has been set or denied by the judge of the court." Art. 23.13, Texas Code of Criminal Procedure, in relevant part, states: "A capias may be executed by any peace officer."

Judgment in Case No. 1035817 are attached hereto as **Exhibit E**. During subsequent incarceration in the Tarrant County Jail, Jennifer Ferguson threatened and/or engaged in violent or hostile conduct against other inmates as reflected in Tarrant County Confinement Bureau records, accurate copies of which are attached hereto as **Exhibit F**. Prior to October 8, 2007, Plaintiff Gene Ferguson had been arrested for assault by the Arlington Police Department as reflected in the Arlington Police Department Incident Report (No. 6407), an accurate copy of which is attached hereto as **Exhibit G**.

The actions complained of by Plaintiff fell within the officers' authority to secure the premises while conducting a legally authorized search. See *Michigan v. Summers*, 452 U.S. 692, 702-03 (1981) (holding that during the execution of a search warrant, "[t]he risk of harm to both the police and the occupants is minimized if the officers routinely exercise unquestioned command of the situation"). See also *Cherrington v. Skeeter*, 344 F.3d 631, 638 (6th Cir.2003) (holding that police officers have authority to detain "even wholly innocent bystanders" when executing an arrest warrant). Article 15.23 of the Texas Code of Criminal Procedure provides that: "An arrest may be made on any day or at any time of the day or night." Article 15.24 of the Texas Code of Criminal Procedure provides that: "In making an arrest, all reasonable means are permitted to be used to effect it. No greater force, however, shall be resorted to than is necessary to secure the arrest and detention of the accused." Art. 15.25, Texas Code of Criminal Procedure provides that: "In case of felony, the officer may break down the door of any house for the purpose of making an arrest, if he be refused admittance after giving notice of his authority and purpose." The federal knock and announce statute, 18 U.S.C. § 3109, provides that the "officer may break open any outer or inner door or window of a house ... to execute a search warrant, if, after notice of his authority and purpose, he is refused admittance . . . ." In *Muehler v. Mena*, 544 U.S. 93, 125 S.Ct. 1465, 1467 (2005), the Supreme Court explained that "[i]nherent

in *Summers'* authorization to detain an occupant of the place to be searched is the authority to use reasonable force to effectuate the detention." *Id.* at 98-99. See also *Graham v. Connor*, 490 U.S. 386, 396-397 (1989) ("Fourth Amendment jurisprudence has long recognized that the right to make an arrest ... necessarily carries with it the right to use some degree of physical coercion or threat thereof to effect it."). The Supreme Court has noted that for this type of claim, "[t]he calculus of reasonableness must embody allowance for the fact that police officers are often forced to make split-second judgments - in circumstances that are tense, uncertain, and rapidly evolving - about the amount of force that is necessary in a particular situation." *Id.* at 396-397.

In *Maryland v. Garrison*, 480 U.S. 79, 87, 107 S.Ct. 1013, 1018 (1987), the Supreme Court recognized "the need to allow some latitude for honest mistakes that are made by officers in the dangerous and difficult process of making arrests and executing search warrants"). In *Greene v. Knight*, 564 F.Supp.2d 604, 613 (N.D. Tex. 2008), the Court noted:

> Serving a warrant can quickly escalate into a dangerous situation for the officer and the person to be served, and this is true whether an officer is serving a misdemeanor or felony warrant. The officer does not know what to expect; the person to be served may readily comply with the officer's instructions, flee, resist and fight, or use deadly force against the officer. In essence, in any police situation, especially one that is tense, an officer has to be vigilant and prepared for how a person may react.

The danger inherent in serving warrants is demonstrated by the following cases:

> In **2002**, while attempting to serve a warrant, **Tarrant County Sheriff's Department Deputy Andrew Tatsch** was shot by Korey Demaine Walker. *Walker V. The State Of Texas*, --- S.W.3d ----, 2009 WL 3153288 (Ct. App.-Fort Worth, (Oct. 1, 2009)).
>
> In **2005**, while attempting to serve a felony warrant, **Fort Worth police officer Hank Nava** was shot and killed by Stephen Lance Heard. *Heard v. State*, 280 S.W.3d 419, 420- 422 (Ct. App. - Fort Worth, 2009).
>
> In **2006**, while attempting to serve an arrest warrant, **4 Dallas police officers** were shot by Alejandro Tamayo. See **Exhibit H-1**.
>
> In **2007**, while attempting to serve a federal warrant, **Dallas police officer Carlton Marshall** was shot by Marisela Villa. See **Exhibit H-2**.
>
> In **2009**, while attempting to serve a warrant, **Dallas police officer Norman Smith** was shot and killed by Charles Patrick Payne. See **Exhibit H-3**.

Thousands of warrants are served each year by the Warrant Division of the Tarrant County Sheriff's Department. In 2007, the Warrant Division made approximately 3,048 "field arrests," which included the arrest of Jennifer Ferguson on October 8, 2007. See **Exhibit I**.

10.    PARAGRAPH 10: Defendant is without sufficient information to admit or deny whether Plaintiff is a double amputee but denies the remainder of the allegations in Paragraph 10.

11.    PARAGRAPH 11: Defendant denies the allegation that the officers inflicted physical and/or psychological injury to Plaintiff. Defendant is without sufficient information to admit or deny whether Plaintiff sought and received medical care and psychological treatment as alleged in Paragraph 11.

12.    PARAGRAPH 12: The statement contained in Paragraph 12 does not require admission or denial. Defendant incorporates his responses in Paragraphs 1 - 11 inclusive hereinabove by reference.

13.    PARAGRAPH 13: The averment contained in Paragraph 13 is not the type of averments that require admission or denial.

14.    PARAGRAPH 14: The statement contained in Paragraph 14 does not require admission or denial. Defendant incorporates Paragraphs 1 - 13 inclusive hereinabove by reference.

15.    PARAGRAPH 15: Defendant denies the allegations in Paragraph 15 of the Complaint and demands strict proof thereof.

16.    PARAGRAPH 16: Defendant denies the allegations in Paragraph 16 of the Complaint and demands strict proof thereof.

17.     PARAGRAPH 17:  The statement contained in Paragraph 17 does not require admission or denial.   Defendant incorporates Paragraphs 1 - 16 inclusive hereinabove by reference.

18.     PARAGRAPH 18:  Defendant denies the allegations in Paragraph 18 of the Complaint and demands strict proof thereof.

19.     PARAGRAPH 19:  Defendant denies the allegations in Paragraph 19 of the Complaint and demands strict proof thereof.

20.     PARAGRAPH 20:  The statement contained in Paragraph 20 does not require admission or denial.

21.     PARAGRAPH 21:  Defendant denies the applicability of the statutory provisions cited in Paragraph 21 and denies the remainder of the allegations in Paragraph 21 of the Complaint and demands strict proof thereof.

## II. AFFIRMATIVE DEFENSES

22.     **Qualified and Official Immunity:**  Plaintiff's claims against Defendant state that he is sued in his individual capacity and therefore Defendant hereby asserts his entitlement to qualified immunity as to any and all federal claims and official immunity as to any and all state law causes of action, because he, at all times, acted under the reasonable belief that:  (1) his actions were within the scope of his employment and official authority; and (2) that his action were reasonable and did not violate Plaintiff's rights.   Defendant was exercising discretionary functions and did not violate a clearly established federal or state law right of which a reasonable person would have been aware.   As to the state law claims alleged in Counts 2 and 3 of the Original Complaint, Defendant also invokes the election of remedies and notice provisions of Section 101.106 of the Texas Civil Practices & Remedies Code.

### III. OTHER MATTERS

23.     Defendant denies that his conduct was the proximate cause of any injuries or damages sustained by Plaintiff as alleged in the Complaint.

24.     Defendant denies that Plaintiff is entitled to attorney fees or other recovery as alleged in the Complaint.

25.     This lawsuit is meritless and without basis in law or in fact. Defendant was nevertheless required to respond to Plaintiff's claims and therefore is entitled to recover reasonable and necessary attorney's fees and costs of suit, to the extent that the Court exercises jurisdiction over Plaintiff's claims.

### IV. RELIEF REQUESTED

WHEREFORE, Defendant requests that this Honorable Court deny all relief requested by Plaintiff, enter judgment in all respects for Defendant, and grant Defendant costs and attorney's fees and for such other relief to which he is entitled.

Respectfully submitted,

s/ Russell A. Friemel
**RUSSELL A. FRIEMEL**
Assistant District Attorney
State Bar No. 07473500
TARRANT COUNTY CRIMINAL DISTRICT
ATTORNEY'S OFFICE
Civil Division
401 West Belknap Street, 9th Floor
Fort Worth, Texas 76196-0401
Tel. No.: (817) 884-1233/Facsimile: (817) 884-1675
**ATTORNEY FOR DEFENDANT**
**SAMUEL BAUGHMAN**

## CERTIFICATE OF SERVICE

I hereby certify that on October 23, 2009, I electronically filed the foregoing document with the Clerk of the Court for the U. S. District Court, Northern District of Texas, using the electronic case filing system of the court. The electronic case filing system sent a "Notice of Electronic Filing" to the following attorneys of record who have consented in writing to accept this Notice as service of this document by electric means:

Paul H. Cross                                (Email: phclease@msn.com)
Attorney at Law
9601 White Rock Trail, Suite 205
Dallas, Texas 75238
ATTORNEY FOR PLAINTIFF – LEAD ATTORNEY

Donald Scott Mackenzie                       (E-mail: dallaslaw@gmail.com)
Attorney at Law
9601 White Rock Trail, Suite 205
Dallas, Texas 75238
ATTORNEY FOR PLAINTIFF

s/ Russell A. Friemel
**RUSSELL A. FRIEMEL**

ORIGINAL

REC BOND = HOLD

1081154

CRIMINAL DISTRICT COURT NO. 4

THE STATE OF TEXAS
COUNTY OF TARRANT

TO ANY PEACE OFFICER OF THE
        STATE OF TEXAS, GREETINGS:

YOU ARE HEREBY COMMANDED TO TAKE THE BODY OF

JENNIFER CALDON FERGUSON        AND HIM SAFELY

KEEP, SO THAT YOU HAVE HIM BEFORE THE HONORABLE

CRIMINAL DISTRICT COURT NO. 4        , IN AND FOR

TARRANT COUNTY , AT THE COURT HOUSE THEREOF,
IN THE CITY OF FORT WORTH, INSTANTER, TO ANSWER
THE STATE OF TEXAS ON A CHARGE BY INDICTMENT OF

THEFT PROP U/1500-TWO PRI

_____

_____

_____

_____

                        XXXXXXXXXX FELONY

ISSUED UNDER MY HAND AND SEAL OF OFFICE

IN THE CITY OF FORT WORTH, TEXAS

            THIS 05TH DAY OF    OCTOBER, 2007

                THOMAS A. WILDER

                CLERK DISTRICT COURT

                TARRANT COUNTY, TEXAS

BY _____ DEPUTY.

---

ORIGINAL

CID-0474331        ALIAS

------------------------------

NO. 1081154

    TARRANT COUNTY

------------------------------

        W A R R A N T

------------------------------

    THE   STATE   OF   TEXAS
                VS.
    JENNIFER CALDON FERGUSON

2405    SHERRY ST
ARLINGTON        TX 071567 B F

ISSUED THE
05TH DAY OF    OCTOBER, 2007.

------------------------------

CAME TO HAND ON THE  5

DAY OF  OcTOBER  2007 ,

AND EXECUTED ON THE  8

DAY OF  OcTOBER  2007 ,
                        A. D.

BY  PLACING IN  JAIL

DEE ANDERSON, SHERIFF.

    TARRANT    COUNTY,    TEXAS.

BY  J. DAVIS 1983 , DEPUTY.

ARREST..........$_____

MILEAGE.........$_____

MISCELLANEOUS....$_____

TOTAL.......... $_____

EXHIBIT
A
84

| | |
|---|---|
| NAME JENNIFER CALDON FERGUSON | OFFENSE THEFT U/1500-TWO PRIO |
| ADDRESS 2405 SHERRY ST | DATE 8/20/2007 |
| ARLINGTON TX 76014 | I.P. BRODERICK ROSEMAN |
| RACE B SEX F AGE 40 DOB ██/1967 | |
| CASE NO. 1081154 DATE FILED 8/28/2007 | AGENCY Arlington PD |
| CID NO. 0474331 | OFFENSE NO. 070060642 |
| | COURT Criminal District Court No. 4 |

INDICTMENT NO. 1081154

IN THE NAME AND BY AUTHORITY OF THE STATE OF TEXAS:

**THE GRAND JURORS OF TARRANT COUNTY, TEXAS,**

duly elected, tried, empaneled, sworn, and charged to inquire of offenses committed in Tarrant County, in the State of Texas, upon their oaths do present in and to the

396th DISTRICT COURT

of said County that JENNIFER CALDON FERGUSON, hereinafter called Defendant, in the County of Tarrant and State aforesaid, on or about the 20th day of August 2007, did

THEN AND THERE UNLAWFULLY APPROPRIATE, BY ACQUIRING OR OTHERWISE EXERCISING CONTROL OVER PROPERTY, TO-WIT: TWO DVD RECEIVER/VCRS, OF THE VALUE OF LESS THAN $1500 WITH INTENT TO DEPRIVE THE OWNER, BRODERICK ROSEMAN, OF THE PROPERTY,

AND IT IS FURTHER PRESENTED TO SAID COURT THAT PRIOR TO THE COMMISSION OF THE OFFENSE DESCRIBED ABOVE THE DEFENDANT HAD TWICE BEEN FINALLY CONVICTED OF A GRADE OF THEFT, TO-WIT: ON THE 19TH DAY OF JUNE, 2003, IN THE COUNTY CRIMINAL COURT NUMBER TWO OF TARRANT COUNTY, TEXAS, IN CAUSE NUMBER 0890367, AND ON THE 19TH DAY OF JUNE, 2003, IN THE COUNTY CRIMINAL COURT NUMBER TWO OF TARRANT COUNTY, TEXAS, IN CAUSE NUMBER 0892267,

A CERTIFIED COPY
ATTEST: _____
THOMAS A. WILDER
DISTRICT CLERK
TARRANT COUNTY, TEXAS
BY: _____ DEPUTY
ARTURO GALLEGOS

Filed (Clerk's use only)

FILED
THOMAS A. WILDER, DIST. CLERK
TARRANT COUNTY, TEXAS

DEC 1 2 2007

TIME 2:18 PM
BY _____ DEPUTY

AGAINST THE PEACE AND DIGNITY OF THE STATE.

_Tim Curry_
Criminal District Attorney
Tarrant County, Texas
INDICTMENT - ORIGINAL

_____
Foreman of the Grand Jury

EXHIBIT
B
PENGAD-Bayonne, N. J.

# TARRANT COUNTY SHERIFF'S DEPARTMENT WARRANT DIVISION

## FORCIBLE ENTRY REPORT

SERVICE NO. **2007-13350**

DATE OF INCIDENT: <u>10-08-07</u>    TIME: <u>2137</u>    DATE OF REPORT: <u>10-08-07</u>    TIME OF REPORT: <u>2310</u>

LOCATION OF INCIDENT: <u>2405 Sherry</u>

CITY: <u>Arlington, Texas</u>

SUSPECTS NAME: <u>Ferguson, Jennifer</u>

| LAST | FIRST | MIDDLE | <u>B</u><br>RACE | <u>F</u><br>SEX | ▮▮▮▮-67<br>DOB |
|------|-------|--------|------|-----|-----|

SUSPECT ARRESTED ☒ YES ☐ NO    CID#: <u>0474331</u>    WARRANT#: <u>1081154</u>    COURT: <u>CDC4</u>

OFFENSE CHARGED: <u>Theft Property Under 1500 Two Prior Convictions</u>

OFFICER/ PERSON FORCING ENTRY: <u>Deputy Baughman</u>    UNIT/ID#: <u>M84</u>    DUTY PHONE NO. 817-▮▮▮▮▮▮▮

OTHER OFFICERS PRESENT:
NAME: <u>Deputy Chapmon</u>    UNIT/ID#: <u>M83</u>    DEPARTMENT: <u>TCSO</u>    DUTY PHONE NO. 817-▮▮▮▮▮▮▮

NAME: <u>Deputy Wells</u>    UNIT/ID#: <u>M103</u>    DEPARTMENT: <u>TCSO</u>    DUTY PHONE NO. 817-▮▮▮▮▮▮▮

NAME: <u>Deputy Pierce</u>    UNIT/ID#: <u>M107</u>    DEPARTMENT: <u>TCSO</u>    DUTY PHONE NO. 817-▮▮▮▮▮▮▮

NAME: _____    UNIT/ID#: _____    DEPARTMENT: _____    DUTY PHONE NO. _____

SUPERVISOR PRESENT ☐ YES ☒ NO    IF YES, WHOM? _____    UNIT#: _____    ID#: _____

SUPERVISOR NOTIFIED: RANK/NAME: <u>Sgt. Owens</u>    UNIT#: <u>M71</u>    TIME NOTIFIED: <u>2137</u>

DESCRIBE PROPERTY DAMAGE: <u>Door frame, Door and Picture Frame</u>

ESTIMATED DOLLAR VALUE: $<u>100.00</u>

## WAS WRITTEN CONSENT GIVEN FOR FORCED ENTRY? ☐ YES ☒ NO

IF YES, BY WHOM? (NAME, D.O.B., AND CONNECTION WITH PROPERTY OR PLACE WHERE FORCED ENTRY WAS MADE): _____ (See Attached).

DETAILS OF INCIDENT (PROBABLE CAUSE ETC.) On 10-08-2007 at approximately 2137 hours I, Deputy Baughman 69029, Deputy Chapmon, Deputy Wells and Deputy Pierce went to 2405 Sherry in Arlington, Texas on a Felony warrant service. This was the address on the warrant. We were attempting to serve warrant 1081154 for Theft Under 1500 - Two Prior Convictions on a Ferguson, Jennifer a black female, date of birth ▮▮▮▮-1967.
 I knocked on the door several times. A black female then came to the door and pulled back the curtain and asked who it was. I advised it was the Tarrant County Sheriff's Office. She asked what I wanted and I advised to talk with Jennifer Ferguson. She asked what I wanted with Jennifer and I stated I had a felony warrant. The female then stated she was at work that this was her sister's residence. I advised her to open the door, that I had a felony warrant and needed to check. She then left from the front door and did not return. I continued to knock and announce but no one would come to the door.
 I advise the on duty supervisor, Sgt Owens of the situation and he advised that if we needed to force entry to go ahead. I announced several more times and no answer. I advised dispatch that we were going to force entry. Deputy Wells announced one last time and then forced entry.
 I went through the front door and all the lights were off except for the TV. I observed a black male standing in the living room. He was later identified as Ferguson, Gene, date of birth ▮▮▮▮-32 which was Jennifer Ferguson's father. I advised him to get his hands up and lay down on the floor. I passed the individual off to the next Deputies and covered the hallway. Myself and Deputy Chapmon then began to clear the residence. I observed in the hallway insulation all over the floor and then looked up and observed an attic door. I advised the other Deputies. We pulled down the ladder to the attic and

EXHIBIT
C

yelled for Jennifer to come down. She advised, I am coming down. Jennifer came down out of the attic. She was identified by Tarrant County photo and verbal confirmation. Jennifer was taken into custody. She was handcuffed with her hands behind her back and seatbelted into the back seat of Deputy Chapmon's warrant unit.

Mr. Ferguson had two artificial legs from the knees down. We had Arlington EMS make the scene to make sure he was okay. He advised that he had no injuries and refused treatment. Mr. Ferguson was the owner of the residence. The residence was left in care, control and custody of Mr. Ferguson.

There was approximately $100.00 damages down to the door, door frame and a picture frame. Jennifer was transported to Tarrant County Jail without incident

FIELD SUPERVISOR REVIEW:

Policy and Procedure followed. No injuries

OFFICER SIGNATURE: x _____   UNIT/ID#: _M84, 69029_

FIELD SUPERVISOR SIGNATURE: x _____   UNIT/ID#: _M71 / 6009_
F.R.Owens

*The Law Offices of*
# Donald Scott Mackenzie
www.scottmackenzie.com
*9603 White Rock Trail, Suite 205*
*Dallas, TX. 75238*

Phone: 214.245.4625          scott@scottmackenzie.com          Fax: 214.269.1439

To:    Public Information Office – Tarrant County Sheriff Dept.
From: Scott Mackenzie
Date: 2.15.2008
Re:   **Mr. Gene Ferguson**

## PUBLIC INFORMATION REQUEST – TARRANT COUNTY SHERIFFS DEPT.

Greetings,

We are assisting Mr. Gene Ferguson in investigating an incident at his home on or about October 8th, 2007 at 2405 Sherry Street, Arlington, TX 76014.

Mr. Gene Ferguson had his home entered by officers of the Arlington Police Dept on the evening of October 8th, 2007 while those officers were apparently seeking to serve an arrest warrant against Mr. Ferguson's daughter, Jennifer Ferguson.

### INFORMATION SOUGHT UNDER THE PUBLIC INFORMATION ACT:

1.    Any and all warrants issued for the arrest of Jennifer Ferguson, as were served on 10.8.2007 at the premises at 2405 Sherry Street, Arlington, TX 76014 on or about 10.8.2007.

2.    Any and all warrants for entry of the premises at 2405 Sherry Street, Arlington, TX 76014 on or about 10.8.2007.


EXHIBIT
C-1

3.      Any and all before action or after action reports, notes, recordings, emails or other communications regarding the entry of the premises at 2405 Sherry Street, Arlington, TX 76014 on or about 10.8.2007 and the arrest of Jennifer Ferguson at those premises.

4.      Any and all record of the names and identities of officers, staff or other employees of the city of Arlington, Arlington Police Dept., or other governmental or police agency involved in the entry of the premises at 2405 Sherry Street, Arlington, TX 76014 on or about 10.8.2007 and the arrest of Jennifer Ferguson at those premises.

We thank you in advance for your cooperation with this lawful request under the Texas Public Information Act. Under the act, we anticipate a response within 10 days of your receipt of this request. If you have any questions or concerns, you can reach me directly at 214.245.4625.

Thank you,

Scott Mackenzie



# TARRANT COUNTY

OFFICE OF THE
CRIMINAL DISTRICT ATTORNEY
www.tarrantda.com

TIM CURRY
CRIMINAL DISTRICT ATTORNEY
817/884-1400

JUSTICE CENTER
401 W. BELKNAP
FORT WORTH, TX 76196-0201

February 26, 2008

Mr. Scott Mackenzie
Attorney at Law
9603 White Rock Trial, Suite 205
Dallas, Texas 75238

<u>VIA (REGULAR) U.S. MAIL</u>

Re:     Your Public Information Request

Dear Mr. Mackenzie:

    This letter is written to confirm your verbal agreement with this Office, wherein it is agreed that you will be provided with copies of all non-confidential information responsive to your public information request.  With that said, enclosed is a redacted copy of the information responsive to your request that involves your clients, Gene and Jennifer Ferguson.

    Upon your receipt of the 24 pages of material and 1 CD, please submit payment in the amount of $3.40, representing $.10 per page for the 24 copies and $1.00 for reproduction of the CD.  Please make your check payable to the *Tarrant County Sheriff's Department* in the amount of *$3.40* and mail said payment to the following individual and address for proper processing:

        Ashley D. Fourt
Assistant District Attorney
Tarrant County District Attorney's Office
401 West Belknap, 9th Floor
Fort Worth, Texas 76196-0201



EXHIBIT

C-2

Thank you and if you should have any questions, please do not hesitate to contact me at (817) 884-1233.

Sincerely,

TIM CURRY
CRIMINAL DISTRICT ATTORNEY
TARRANT COUNTY, TEXAS

ASHLEY D. FOURT
Assistant District Attorney

ADF/adp
Enclosures

## CASE NO. 1081154D

| THE STATE OF TEXAS | § | IN THE CRIMINAL DISTRICT |
|---|---|---|
| VS. | § | COURT NUMBER FOUR |
| JENNIFER CALDON FERGUSON | § | TARRANT COUNTY, TEXAS |

### JUDGMENT ON PLEA OF GUILTY OR NOLO CONTENDERE BEFORE COURT
### WAIVER OF JURY TRIAL

| Judge Presiding | : HON. MICHAEL THOMAS | Date of Judgment | : JANUARY 3, 2008 |
|---|---|---|---|
| Attorney for State District Attorney | : TIM CURRY | Assistant District Attorney | : JEFF W. HAMPTON |
| Attorney for Defendant | : JIM MINTER | Charging Instrument: | INDICTMENT |

| Offense Date | Convicted Offense |
|---|---|
| AUGUST 20, 2007 | THEFT UNDER $1,500 AND TWO PRIOR CONVICTIONS |

| Degree | Count | Plea |
|---|---|---|
| STATE JAIL | ONE | GUILTY |

| | |
|---|---|
| Findings on Deadly Weapon | : NONE |
| Terms of Plea Bargain | : OPEN PLEA |
| Plea to Enhancement Paragraph(s) | : NONE |
| Plea to Habitual Paragraph(s) | : NONE |
| Findings on Enhancement/ Habitual Paragraph(s) | : NONE |
| Date Sentence Imposed | : JANUARY 7, 2008     Date to Commence : JANUARY 7, 2008 |
| Punishment Place of Confinement | : COUNT ONE - SIX (6) MONTHS : TARRANT COUNTY JAIL |

| | | | |
|---|---|---|---|
| Time Credited | : 4 DAYS | Court Costs | : $276.00 |
| Reparation | : NONE | Restitution | : NONE |

: PUNISHMENT REDUCED TO A CLASS A MISDEMEANOR UNDER ARTICLE 12.44(a), TEXAS PENAL CODE

COURT COST IN THE AMOUNT OF $276.00 CREDITED FOR TIME SERVED

On this day, set forth above, this cause came for trial and came the State of Texas by its above-named attorney, and the Defendant appeared in person and by the above-named attorney for the Defendant, or, where a Defendant is not represented by counsel, that the Defendant knowingly, intelligently, and voluntarily waived the right to representation by counsel; and announced ready for trial, the Defendant having been heretofore arraigned, or having waived arraignment in open court, and having agreed that the testimony may be stipulated in this cause and the Defendant, his counsel, and the State's attorney having agreed in writing in open court to waive a jury in the trial of this cause and to submit this cause to the Court, and the Court having agreed to the same, the said attorney for the State read the instrument charging the offense as shown or the reading of the charging instrument having been waived by the Defendant in open court; the Defendant entered the above shown plea thereto; and it appearing to the Court that the Defendant is mentally competent and the plea is free and voluntary, and the Court having duly admonished the Defendant as to the consequences of such plea, including the range of punishment attached to the offense and the fact that any recommendation of the prosecuting attorney as to punishment is not binding on the Court, yet the Defendant persisted in entering such plea; said plea is by the Court received and now entered of record upon the minutes of the Court, is of the opinion and so finds that the said Defendant is guilty of the offense as confessed and set forth above.

And when shown above, that the charging instrument contains enhancement paragraph(s), which were not waived,

A CERTIFIED COPY
ATTEST: 2/16/08
THOMAS A. WILDER
DISTRICT CLERK
TARRANT COUNTY, TEXAS
BY: _____
DEPUTY
ARTURO GALLEGOS





EXHIBIT

O

PENGAD-Bayonne, N. J.

and alleges Defendant to have been convicted previously of any felony or offenses for the purpose of enhancement of punishment then the Court asked Defendant if such allegations were true or false and Defendant answered True. Thereupon, the Court, after having heard all of the evidence as to such alleged prior convictions, is of the opinion and finds Defendant has been heretofore convicted as alleged in said enhancement paragraph(s) as may be shown above.

IT IS THEREFORE CONSIDERED AND ORDERED by the Court, in the presence of the Defendant, that said judgment be, and the same is hereby in all things approved and confirmed, and that said Defendant is adjudged guilty of the offense set forth above, by the Court (a jury having been waived in accordance with law) and that said Defendant be punished in accordance with terms set forth above, and the Defendant is sentenced to a term of imprisonment or fine or both as set forth above, and be with terms set forth above, and the Defendant is sentenced to a term of imprisonment or fine or both as set forth above, and be delivered by the Sheriff to the Director of the Institutional Division of the Texas Department of Criminal Justice, or other person legally authorized to receive such convicts for the punishment and execution may issue as necessary.

And, if shown above that Defendant has been duly and legally convicted of a prior offense by showing the court, cause number, and offense together with his punishment for such offense and date Defendant was sentenced for such offense in accordance with such conviction, then it is further ORDERED AND ADJUDGED that the punishment herein adjudged against the said Defendant shall begin when the judgment and sentence in such prior offense, when shown above, shall have ceased to operate. And the said Defendant is remanded to jail until said Sheriff can obey the direction of this judgment.

PRESIDING JUDGE

Date Signed    : JANUARY 7, 2008

Notice of Appeal   :  _____

Mandate Received  :  _____

A CERTIFIED COPY
ATTEST: _____
THOMAS A. WILDER
DISTRICT CLERK
TARRANT COUNTY, TEXAS
BY: _____
DEPUTY
ARTURO GALLEGOS

NAME  JENNIFER CALDON FERGUSON

ADDRESS    2405 SHERRY ST

           ARLINGTON TX 76014

RACE B   SEX F   AGE 39   DOB ▇▇▇/1967

CASE NO. 1035817   DATE FILED       9/6/2006

CID NO.    0474331

OFFENSE  ASSAULT BODILY INJURY-FM

DATE  9/4/2006

I.P.  GENE FERGUSON

AGENCY  Arlington PD

OFFENSE NO.  060063538

COURT County Criminal Court No. 5

**IN THE NAME AND BY AUTHORITY OF THE STATE OF TEXAS:**

Before me, the undersigned Assistant District Attorney of Tarrant County, Texas, this day personally appeared the undersigned affiant, who upon his oath says that he has good reason to believe and does believe that in the County of Tarrant and State of Texas JENNIFER CALDON FERGUSON, hereinafter called Defendant, in the County of Tarrant and State aforesaid on or about the 4th day of September 2006, did

THEN AND THERE INTENTIONALLY OR KNOWINGLY CAUSE BODILY INJURY TO GENE FERGUSON, A MEMBER OF THE DEFENDANT'S FAMILY OR HOUSEHOLD, BY HITTING HIM WITH A TELEPHONE,

PARAGRAPH TWO: AND IT IS FURTHER PRESENTED IN AND TO SAID COURT THAT THE DEFENDANT, IN THE COUNTY OF TARRANT AND STATE AFORESAID, ON OR ABOUT THE 4TH DAY OF SEPTEMBER, 2006, DID THEN AND THERE INTENTIONALLY OR KNOWINGLY CAUSE BODILY INJURY TO GENE FERGUSON BY HITTING HIM WITH A TELEPHONE,

ENHANCEMENT PARAGRAPH: AND IT IS FURTHER PRESENTED TO SAID COURT THAT PRIOR TO THE COMMISSION OF THE OFFENSE OR OFFENSES SET OUT ABOVE, THE DEFENDANT WAS FINALLY CONVICTED OF THE MISDEMEANOR OFFENSE OF THEFT 500-1500, IN THE COUNTY CRIMINAL COURT TWO OF TARRANT COUNTY, TEXAS, IN CAUSE NUMBER 0892267, ON THE 19TH DAY OF JUNE, 2003,

Filed (Clerk's use only)

AGAINST THE PEACE AND DIGNITY OF THE STATE.

Sworn to and subscribed before me on this the ⟨6⟩ day of _SEPT 2006_

_____
Affiant

COMPLAINT - DA

_____
Assistant District Attorney of
Tarrant County, Texas

**EXHIBIT**
E

NAME JENNIFER CALDON FERGUSON

ADDRESS 2405 SHERRY ST

ARLINGTON TX 76014

RACE B SEX F AGE 39 DOB ███ 1967

CASE NO. 1035817 DATE FILED 9/6/2006

CID NO. 0474331

OFFENSE ASSAULT BODILY INJURY-FM

DATE 9/4/2006

I.P. GENE FERGUSON

AGENCY Arlington PD

OFFENSE NO. 060063538

COURT County Criminal Court No. 5

---

**IN THE NAME AND BY AUTHORITY OF THE STATE OF TEXAS:**

Comes now the undersigned Assistant District Attorney of Tarrant County, Texas, in behalf of the State of Texas, and presents in and to the County Criminal Court No. 5 of Tarrant County, Texas that JENNIFER CALDON FERGUSON, hereinafter called Defendant, in the County of Tarrant and State aforesaid, on or about the 4th day of September 2006, did

THEN AND THERE INTENTIONALLY OR KNOWINGLY CAUSE BODILY INJURY TO GENE FERGUSON, A MEMBER OF THE DEFENDANT'S FAMILY OR HOUSEHOLD, BY HITTING HIM WITH A TELEPHONE,

PARAGRAPH TWO: AND IT IS FURTHER PRESENTED IN AND TO SAID COURT THAT THE DEFENDANT, IN THE COUNTY OF TARRANT AND STATE AFORESAID, ON OR ABOUT THE 4TH DAY OF SEPTEMBER, 2006, DID THEN AND THERE INTENTIONALLY OR KNOWINGLY CAUSE BODILY INJURY TO GENE FERGUSON BY HITTING HIM WITH A TELEPHONE,

ENHANCEMENT PARAGRAPH: AND IT IS FURTHER PRESENTED TO SAID COURT THAT PRIOR TO THE COMMISSION OF THE OFFENSE OR OFFENSES SET OUT ABOVE, THE DEFENDANT WAS FINALLY CONVICTED OF THE MISDEMEANOR OFFENSE OF THEFT 500-1500, IN THE COUNTY CRIMINAL COURT TWO OF TARRANT COUNTY, TEXAS, IN CAUSE NUMBER 0892267, ON THE 19TH DAY OF JUNE, 2003,

AGAINST THE PEACE AND DIGNITY OF THE STATE.

Assistant District Attorney of
Tarrant County, Texas

MISDEMEANOR INFORMATION

CASE NO. 1035817

TRN:9039717206 TRS:A001

| THE STATE OF TEXAS | † | COUNTY CRIMINAL COURT |
| VS. | † | NUMBER FIVE |
| JENNIFER CALDON FERGUSON | † | TARRANT COUNTY, TEXAS |
| TRUE NAME: JENNIFER CALDON FERGUSON | | |

## JUDGMENT AND SENTENCE
### COUNT ONE

On this day came on to be heard the above cause, and came the State of Texas by

**AMY MILLS** , Assistant District Attorney, and came the Defendant,

**JENNIFER CALDON FERGUSON** , in person and by counsel,

**DEREK D BROWN** , and both sides announced ready for trial.

The Defendant having been duly arraigned, waived trial by jury, pleaded _GUILTY_

to the information herein, and submitted this cause to the Court. The information being read, the Court received the Defendant's plea thereto, and having heard the evidence submitted thereon, if any, adjudged the Defendant guilty as charged of the offense of

**ASSAULT BODILY INJURY-FM** a class **A** misdemeanor, and that the

Defendant committed the offense on **9/4/2006** , and assessed his punishment at a fine of

**$ 0.00** and **90** days confinement in the Tarrant County Jail, together with all costs in this behalf incurred ( according to the terms of the plea bargain). And the Defendant being asked by the court if he had any sufficient reason why the sentence of the Court should not be pronounced against him failed to give such reason; whereupon the Court proceeded in the presence of the Defendant to pronounce sentence against him as follows:

It is therefore ordered, adjudged and decreed by the Court that the Defendant is guilty of the offense of **ASSAULT BODILY INJURY-FM** and is hereby sentenced to a fine of

**$ 0.00** and **90** days confinement in the Tarrant County Jail, and that the State of Texas do have and recover of the said Defendant all costs of this prosecution for which let execution issue . Defendant is remanded to the custody of the Sheriff of Tarrant County, Texas to serve said sentence. Defendant is given credit on his sentence for the time he has spent in jail in this cause from the time of his arrest and confinement until date of sentence.

The Court Affirmatively finds that the Defendant committed an offense involving Family Violence.

Entered this **17th day of October, 2006** .

**F I L E D**

**October 17, 2006 3:25 PM**

SUZANNE HENDERSON
COUNTY CLERK, TARRANT CO., TEXAS

By: _____ Deputy

Right thumb print

JUDGE PRESIDING

Time Faxed 0 9/5

By: _[signature]_

# TARRANT COUNTY SHERIFF'S OFFICE
## CONFINEMENT BUREAU
### CHANGE OF INMATE HOUSING ASSIGNMENT

Name: Ferguson,Jennifer   B/F

CID: 0474331   D.O.B: C██1967

Date: 10/09/2007

Time:   0910

Reason For Change Of Housing Assignment:
Inmate allegedly threatened to whip inmate Wims,Michelle 0705790 ass.
Inmate allegedly also was wandering around the tank without any clothing
covering her upper body.( Inmate placed in holdover pending rehousing)

Special Considerations If Any:

Supervisor Signature: _[signature]_
Supervisor Printed Name: Sgt.Joseph White
Supervisor Employee#  8543

## For Classification Use Only

Assigned To:   39C
DATE: 10/09/2007

FROM: 34B
TIME:   1030

### Inmate's New Assessment Level

Minimum             Medium                    Maximum

Classification Deputy's Signature:
Classification Deputy's Printed Name:   RAH
ID Number:


EXHIBIT
F

# TARRANT COUNTY SHERIFF'S OFFICE
## DETENTION OPERATIONS COMMAND

☐ OFFENSE  ☒ INCIDENT  ☐ MISCONDUCT  ☐ MEDICAL REPORT

DATE: 10-9-07  TIME: 0715  SERVICE NUMBER

SUBJECT: WIMS, MICHELLE

CID: 0705790  RACE: W  SEX: F

DOB: ____-68  LOCATION: 34B

SUBJECT: FERGUSON, JENNIFER

CID: 0474331  RACE: B  SEX: F

DOB: ____-67  LOCATION: 34B

## NARRATIVE:

On Tuesday, 10-9-07, at approximately 0644 hrs I was conducting a watch turnover/tank count check when I heard loud noises from Tank 34B. When I opened the door to Tank 34B I saw Inmates Ferguson and Wims having a verbal confrontation. I told both inmates to be quiet and had Inmate Ferguson step out in the hallway while Officer Williams from 3rd Watch escorted the other inmate (Wims) to the floor's holding tank (34G) until I interviewed Inmate Ferguson concerning this matter. When I asked Inmate Ferguson what started the confrontation she told me that all she did was ask Inmate Wims to wake up for her arraignment call that she was scheduled to go to later this morning. I proceeded to interview Inmate Wims who said that while taking meds at approximately 0630 hrs this morning she had told the officer (Officer White on 3rd Watch) that Inmate Ferguson was in bed without wearing a bra or top of any kind. I asked her if a physical threat had been made and she stated that one had been made by Inmate Ferguson. I had Inmate Wims fill out a request for services stating this threat. She turned in a reequest for services which states "Mrs Ferguson got out of her bed walked to my bed where I was laying down and told me she was going to whoop my ass and that I didn't know who I was fucking with. I told her to leave me alone. This happen this morning about 6:30 a.m.". Inmates Ferguson has been pulled from her tank and placed in the floor's holding tank until she goes to arraignment this morning. Inmate Wims was returned to her tank. Request for services attached.

REPORTING OFFICER'S SIGNATURE  PRINT NAME G. A. DEGARD  EMPLOYEE# 56951

## CORRECTIONAL PROCEDURES

Report to classification for review. Request inmate Ferguson be be rehoused due to her behavior in this facility by not wearing her uniform properly when out of her bunk, and allegedly threatening to whip inmate Wims,Michelle's ass.

SUPERVISOR'S SIGNATURE  PRINT NAME  EMPLOYEE#

WATCH COMMANDER'S SIGNATURE  PRINT NAME Sgt.Joseph White  EMPLOYEE# 8543

REVIEWED BY  PRINT NAME Lt. M. Gravitt  EMPLOYEE# 57265

Ver 1.3 08/2004

| **REQUEST FOR SERVICES** | DATE _10-9-01_ |
|---|---|

CID # _0705790_   DOB ▓▓▓▓ _-68_

FROM: _michelle Wims_   LOCATION _34B_

PRINT YOUR NAME                                    Floor/Tank/Pod/Cell

**TO:**   **CIRCLE THE PERSON TO WHOM THIS REQUEST IS MADE**

_OIC / IST / 065I_

| T.D.C. DESK | UNIT CAPTAIN | WATCH COMMANDER |
|---|---|---|
| CHAPLAIN | LAW LIBRARY | FOOD |
| NOTARY | PROPERTY OFF. | COMMISSARY |
| BANK OFFICER | MAIL OFFICER | CLASSIFICATION |
| MEDICAL |  | DENTAL |
| COURT DATE | CHARGE(S) | BOND |
| CASE NUMBER | FINE | RELEASE DATE |
| OTHER |  |  |

**WRITE REQUEST HERE:**

Mrs. Furgunson got out of her bed walked to my bed where I was laying down and told me she was going to whoop my ass and that I didn't know who I was fucking with. I told her to leave me alone. This happened this morning about 6:30 A.m.

**ACTION TAKEN:**         **CONTROL #**

_____

_____     _____
OFFICER                                            DATE

CFMT-5   GPC-0292   Rev. 8-96

# TARRANT COUNTY SHERIFF'S DEPARTMENT

Sgt. Jon Maurice
350 W. BELKNAP
Ft. Worth, Texas 76102



Telephone 817-884-1759
817-884-2389
FAX 817-884-3223

Date: 3/4/2008
To: CAPTAIN SIMON CRS.
From: SGT JON MAURICE 5170
Reference: CODE 6 SIG 4
INMATE FERGUSION, JENNIFER 0474331
INMATE ALEXANDER, EARLINDA 0551307
SERVICE NUMBER 200802990

ON 3/4/2008 AT APPROX 1800 I, SGT JON MAURICE RESPONDED TO CODE 6
SIG 4 LOCATED AT 2-7 A. THE CODE CONCERNED INMATE FERGUSION
AND INMATE ALEXANDER. THE INMATES WERE STILL FIGHTING WHEN I
ENTERED A TANK. I ORDERED THEM TO SEPARATE AND THEY DID.
OFFICER J WALKER RESTAINED INMATE FERGUSION AND ESCORTED HER
TO THE SOUTH HOLDOVER. INMATE ALEXANDER REMAINED IN 2-7 A.
EVERY INMATE IN 2-7 A STATED THAT THE TROUBLE WAS CAUSED BY
INMATE FERGUSION.
BOTH INMATES WERE SEEN BY MEDCIAL AND PHOTOS WERE TAKEN. IT
WAS DETERMINED THE FIGHT STARTED OVER A HOT WATER HEATER.
BOTH INMATES WERE ISSUED A DISCIPLINARY VIOLATING RULE E-3

# TARRANT COUNTY SHERIFF'S OFFICE
## DETENTION OPERATIONS COMMAND

☐ OFFENSE    ☒ INCIDENT    ☐ MISCONDUCT    ☐ MEDICAL REPORT

DATE: 3-4-08    TIME: 1950    SERVICE NUMBER _2008-02990_

| | |
|---|---|
| SUBJECT: Ferguson, Jennifer | SUBJECT: Alexander, Earlinda |
| CID: 0474331    RACE: B    SEX: F | CID: 0551307    RACE: B    SEX: F |
| DOB: ▮▮/67    LOCATION: 27A | DOB: ▮▮/78    LOCATION: 27A |

NARRATIVE:

On 3-4-08 while assigned to work 27 Belknap, I Officer J. James 69439 and Officer D. Martinez 70152 were in the process of putting away the last of the Trustys in L-Tank. Suddenly I heard voices saying get her and hit her again. I asked Officer Martinez if she could hear what I was hearing and she said yes. We both ran down to A/B tanks which was where the noise seem to be coming from and could hear two inmates Ferguson, Jennifer DOB ▮▮/67 and Alexander, Earlinda DOB ▮▮/78 having a scuffle, but could not see them. When Officer Martinez opened the door, I walked in and at that time both inmates came out of the shower area and were swinging at each other. A code 6 signal 4 was called and Sergeant Maurice along with Officer Walker from 26 responded and were able to seperate them immediately. Inmate Alexander said that Inmate Ferguson became upset when she came out of the shower and said that she was tired of letting everyone use her stinger. According to Inmate Alexander, it was then that Inmate Ferguson began accusing her of stealing her soda and other belongings. Inmate Alexander said that Inmate Ferguson got in her face and called her a liar. When Inmate Alexander tried to tell Inmate Ferguson that she wasn't lying, Inmate Ferguson hauled off and slapped her scratching the face accross the face according to her and other witnesses inside the tank. Inmate Ferguson said that she did not want people using her stinger anymore and was sick and tired of people stealing from her. Inmate Ferguson said that she had seen Inmate Alexander steal her soda previously, but did not say anything about it. Disciplinary and report completed and sent to Sergeant Maurice. End of Report.

| REPORTING OFFICER'S SIGNATURE | PRINT NAME | EMPLOYEE# |
|---|---|---|
| _[signature]_ | J. James | 69439 |

CORRECTIONAL PROCEDURES

RE-HOUSE INMATE FERGUSON TO PREVENT PROBLEMS. BOTH INMATES WERE SEEN BY MEDICAL BARBRA REED RN AND LINDA RICHARDS LVN. BOTH INMATES WERE ISSUED A DISCIPLINARY VIOLATING RULE E-3. PHOTOS WERE TAKEN OF BOTH INMATES

| SUPERVISOR'S SIGNATURE | PRINT NAME | EMPLOYEE# |
|---|---|---|
| _Sgt Jon Maurice_ | SGT JON MAURICE | 5170 |
| WATCH COMMANDER'S SIGNATURE | PRINT NAME | EMPLOYEE# |
| _Lt. William E. Olds_ | Lt. William Olds | 58250 |
| REVIEWED BY | PRINT NAME | EMPLOYEE# |

Ver 1.3 08/2004

# TARRANT COUNTY SHERIFF'S OFFICE
## DETENTION OPERATIONS COMMAND

☐ OFFENSE  ☐ INCIDENT  ☐ MISCONDUCT  ☒ MEDICAL REPORT

DATE: 3/4/08   TIME: 1825   SERVICE NUMBER 2008-02990

SUBJECT: Ferguson, Jennifer        SUBJECT: _____
CID: 0474331  RACE: B  SEX: F       CID: _____ RACE: ___ SEX: ___
DOB: ▓▓-67  LOCATION: 27A           DOB: _____ LOCATION: _____

NARRATIVE: Code 6, Signal 4. Superficial scratches (2) to right upper chest. I/M denied any injuries

REPORTING OFFICER'S SIGNATURE                     PRINT NAME
Linda Richards LVN              Linda Richards, LVN        EMPLOYEE #
                                                            053308

CORRECTIONAL PROCEDURES        SUPPLEMENTAL MEDICAL REPORT

SUPERVISOR'S SIGNATURE                     PRINT NAME              EMPLOYEE #
Sgt Jon Maurice            SGT JON MAURICE                         5170

WATCH COMMANDER'S SIGNATURE                PRINT NAME              EMPLOYEE #
Lt. Will Olds              Lt. W. Olds                             5875C

REVIEWED BY                                PRINT NAME              EMPLOYEE #

# TARRANT COUNTY SHERIFF'S OFFICE
## DETENTION OPERATIONS COMMAND

| ☐ OFFENSE | ☒ INCIDENT | ☐ MISCONDUCT | ☐ MEDICAL REPORT |
|---|---|---|---|

DATE: 03/10/2008     TIME: 18:11     SERVICE NUMBER: _____

SUBJECT: Ferguson,Jennifer          SUBJECT: Hayles,Michelle

CID: 0474331     RACE: B   SEX: F          CID: 0525552     RACE: B   SEX: F

DOB: ▓▓▓/1967   LOCATION: 2-7P          DOB: ▓▓▓/1970   LOCATION: 2-7P

### NARRATIVE:

On 03/10/2008 I Officer Wade was assigned to Belknap 2-7. At approximately 1700 hours there was a loud noise in 2-7 P. I Officer Wade and Officer James went to see what was going on. Upon entering 2-7 P Inmate Ferguson, Jennifer 0474331 was screaming and cursing at Inmate Hayles, Michelle 0525552. Inmate Ferguson said that if we didn't move her that it was going to be a problem between her and Inmate Hayles.Sergeant Maurice came in to assist. I ordered Inmate Ferguson to gather all of her property and come out of 2-7 P. Inmate Ferguson was escorted to the hold over. EOR

REPORTING OFFICER'S SIGNATURE          PRINT NAME          EMPLOYEE#

*R Wade*                                R.Wade              69594

### CORRECTIONAL PROCEDURES
RE-HOUSE INMATE FERGUSION TO PREVENT PROBLEMS. REQUEST SINGLE CELL ROTATION FOR INMATE.
INMATE WAS INVOLVED IN A SIG 4 LAST WEEK. K/S FROM 0525552

SUPERVISOR'S SIGNATURE          PRINT NAME          EMPLOYEE#

*Sgt Jon Maurice*                SGT JON MAURICE      5170

WATCH COMMANDER'S SIGNATURE          PRINT NAME          EMPLOYEE#

*Lt. W. Olds*                    Lt. W. Olds          5825C

REVIEWED BY          PRINT NAME          EMPLOYEE#

# Incident Report
# Arlington, Texas Police Department

**DRAFT**

**000006407**

| Supplement No | |
|---|---|
| ORIG | |

620 W Division St

| | Reported Date |
|---|---|
| | 02/03/2000 |

Arlington, TX 76010

**Nature of Call**
ASSAULT - DOMESTIC

(817) 459-5700

**Entry By**
WHITENIGHT,RICHARD

(817) 459-5680(Records Dept.)

P.O. Box 1065, Arlington TX 76004-1065

## Incident Information

| Agency | Report No | Supplement No | Reported Date |
|---|---|---|---|
| ARLINGTON POLICE | 000006407 | ORIG | 02/03/2000 |

| Call No | Status |
|---|---|
| 000340419 | ARREST REPORT OR ARREST SUPPLEMENT |

**Nature of Call**
ASSAULT - DOMESTIC

| Location | City | ZIP Code | PRA |
|---|---|---|---|
| 2405 SHERRY ST | ARLINGTON | 76014 | 0376 |

| From Date | From Time | To Date | To Time | Officer |
|---|---|---|---|---|
| 02/03/2000 | 15:40 | 02/03/2000 | 15:45 | 1676/CUSHMAN,JOSEPH THOMAS |

| Assignment | Entry By |
|---|---|
| EAST EVENING SHIFT | WHITENIGHT,RICHARD |

| RC Status | RC Status Date | Status Time | Confidential? | RMS Transfer | Beat | Sector | Division |
|---|---|---|---|---|---|---|---|
| OWNER APPROVAL | 02/03/2000 | 19:31:39 | | | 460 | G | E |

| Location Name | |
|---|---|
| PRIVATE RESIDENCE | |

| CPS | DA'S OFFICE | ME'S OFFICE | PROSECUTE NO | PROSECUTE YES | TABC |
|---|---|---|---|---|---|
| | | | X | | |

| Offense | Complaint Type |
|---|---|
| AGGRAVATED ASSAULT | INCIDENT |

## Summary Narrative

KNOWN SUSPECT AND VICTIM BECAME INVOLVED IN A DOMESTIC DISPUTE, AND SUSPECT THREATENED VICTIM WITH A DEADLY WEAPON AFTER PREVIOUSLY ASSAULTING THE VICTIM, CAUSING HER BODILY INJURY.



EXHIBIT
G

# Incident Report

## Arlington, Texas Police Department

# DRAFT

## 000006407

| Supplement No |
|---|
| **ORIG** |

| Invl | | Seq | Type |
|---|---|---|---|
| **ARREST** | | **1** | **INDIVIDUAL** |

| Name | | MNI | Race | Sex | Date of Birth | | Age | Juvenile? | Height |
|---|---|---|---|---|---|---|---|---|---|
| **FERGUSON, GENE SAMUEL** | | **177206** | **B** | **M** | **▓▓/1932** | | **67** | **N** | **5'08"** |

| Weight | Hair Color | | Eye Color | |
|---|---|---|---|---|
| **185#** | **BLACK** | | **BROWN** | |

| OLN | | OLS | Soc Sec No | State ID No | | Place of Birth | City of Birth |
|---|---|---|---|---|---|---|---|
| **07396332** | | **TX** | ▓▓▓▓▓ | ▓▓▓▓▓ | | **AR** | **EMERSON** |

| Type | Address | | City |
|---|---|---|---|
| **HOME ADDRESS** | **2405 SHERRY ST** | | **ARLINGTON** |

| State | ZIP Code | |
|---|---|---|
| **TX** | **76014** | |

| Invl | | # |
|---|---|---|
| **ARREST** | | **1** |

| Offense | Complaint Type |
|---|---|
| **AGGRAVATED ASSAULT** | **INCIDENT** |

## Id Numbers

| Type | ID No | OLS |
|---|---|---|
| **FBI NUMBER** | **248084B** | |

## Phone Numbers

| Type | Phone No |
|---|---|
| **HOME** | **(817) ▓▓▓▓** |

## Associates

| Relationship | Name | | Race | Sex |
|---|---|---|---|---|
| **SON** | **GENE SAMUEL FERGUSON, JR** | | | |

| Date of Birth | Address | | City | State |
|---|---|---|---|---|
| | | | | |

| ZIP Code | Type | Phone No | Type | Phone No |
|---|---|---|---|---|
| | **HOME** | **(817) ▓▓▓▓** | | |

| Employer/School |
|---|
| |

## Suspect Info

| Gen Appearance | Build | |
|---|---|---|
| **CASUAL** | **AVERAGE** | |

| Hair Description |
|---|
| **SHORT HAIR** |

| Deformity |
|---|
| **MISSING LEG** |

| Glasses |
|---|
| **PRESCRIPTON** |

| Body Clothing |
|---|
| **JACKET/SHIRT/SWEAT SUIT** |

| Weapon Type |
|---|
| **KNIFE** |

| Color |
|---|
| **BROWN** |

| Coat | Pants | Shirt |
|---|---|---|
| **MAROON RUNNING JACKET** | **BLACK RUNNING PANTS** | **WHITE T SHIRT** |

# Incident Report

## Arlington, Texas Police Department

**DRAFT**

**000006407**

| Supplement No |
|---|
| ORIG |

## Arrest Info

| Involvement | Arrest Date | Arrest Time | Booking No | Book Date | Book Time | Status |
|---|---|---|---|---|---|---|
| ARR | 02/03/2000 | 16:40 | 00-1149 | 02/03/2000 | 17:34 | BOOK |

| Arrest Location | City | PRA | Beat | Sector |
|---|---|---|---|---|
| 2405 SHERRY ST | ARLINGTON | 0376 | 460 | G |

| Division |
|---|
| E |

| Charge | Level | Charge Literal | Warrant No | Warrant Ori |
|---|---|---|---|---|
| AGG ASSAULT WEAPON | F2 | AGG ASSLT W/DEADLY W | | |

## VICTIM 1: FERGUSON,JENNIFER CALDON

| Invl | Seq | Type |
|---|---|---|
| VICTIM | 1 | INDIVIDUAL |

| Name | MNI | Race | Sex | Date of Birth | Age | Juvenile? |
|---|---|---|---|---|---|---|
| FERGUSON,JENNIFER CALDON | 177205 | B | F | ██████1967 | 32 | N |

| OLN | OLS |
|---|---|
| ████████ | TX |

| Type | Address | City |
|---|---|---|
| HOME ADDRESS | 2405 SHERRY ST | ARLINGTON |

| State | ZIP Code |
|---|---|
| TX | 76014 |

| Invl | # |
|---|---|
| VICTIM | 1 |

| Offense | Complaint Type |
|---|---|
| AGGRAVATED ASSAULT | INCIDENT |

## Phone Numbers

| Type | Phone No |
|---|---|
| HOME | (817) ██████ |

## Property

| Invl | Invl Date |
|---|---|
| EVIDENCE | 02/03/2000 |

| Description | Cat |
|---|---|
| OLD HOMESTEAD, 8" BLADE | OTHER ITEMS NOT LISTED |

| Article | # Pieces |
|---|---|
| KNIFE (HOUSEHOLD) | 1 |

| Person Invl | Invl | Seq |
|---|---|---|
| PROPERTY INVOLVEMENT ONLY | ARREST | 1 |

| Name | Race | Sex | Date of Birth |
|---|---|---|---|
| FERGUSON,GENE SAMUEL | B | M | ██████/1932 |

## Modus Operandi

| Means of Attack |
|---|
| HANDS, FIST, AND FEET (PERSONAL WEAPONS)/KNIFE/SHANK |

| How Weapon Used |
|---|
| LEFT HAND/RIGHT HAND |

| Premise Type |
|---|
| RESIDENTIAL-HOUSE |

| Dom. Violence? | # Victims | Victim's Race | Victim's Sex | Victim's Age | Victim's Action |
|---|---|---|---|---|---|
| Y | 1 | B | F | A | AT HOME |

| Suspect Action |
|---|
| DISPLAYED WEAPON/FIREARM/KNEW/DATED VICTIM/KNEW PREMISE |

| Extent Of Injury |
|---|
| LACERATION/CUTTING |

## Narrative

ON 02/03/00 AT APPROX 1540HRS, I, OFFICER J CUSHMAN ID 1676, ALONG WITH OFFICER DONNA DEMOTT ID 1533, WERE DISPATCHED TO A DOMESTIC DISTURBANCE

| Printed By | Printed At | |
|---|---|---|
| 1370/SAUNDERS,MARC | 02/03/2000 22:04 | Page 3 of 6 |

## Narrative

AT 2405 SHERRY ST. THE TEXT OF THE CALL ADVISED THAT A DOMESTIC DISTURBANCE BETWEEN A FATHER AND DAUGHTER WAS OCCURRING AT THE LOCATION AND THAT BOTH WERE ATTEMPTING TO TALK TO 911 OPERATORS AND ADVISE WHAT WAS HAPPENING.

WHEN OFFICERS ARRIVED ON SCENE, WE MADE CONTACT WITH THE TWO INVOLVED PARTIES, WHO WERE THE ONLY PERSONS AT THE LOCATION. BOTH PARTIES WERE VERY UPSET, AND YELLING AT EACH OTHER. WHILE OFFICER DEMOTT SPOKE WITH GENE SAMUEL FERGUSON, B/M, DOB ████/32, I SPOKE WITH HIS DAUGHTER, JENNIFER FERGUSON, B/F, DOB ████/67. MS FERGUSON WAS EXTREMELY UPSET AND CRYING, AS SHE WAS TRYING TO EXPLAIN WHAT HAD HAPPENED, AND WAS ALSO VERY MAD AND YELLING AND CURSING VERY LOUDLY. AS SHE BEGAN RELATE WHAT HAPPENED TO ME, SHE ADVISED THAT SHE AND HER FATHER HAD BECOME INVOLVED IN A VERBAL ALTERCATION AND THAT THE MOST HEATED PART OF THE ARGUMENT OCCURRED WHILE SHE WAS SITTING AT A TABLE IN THE KITCHEN AREA OF THE HOUSE AND HE WAS ALSO STANDING IN THE KITCHEN. THEY WERE BOTH YELLING AND CURSING AT EACH OTHER, AND JENNIFER FERGUSON ADVISED ME THAT HER FATHER WALKED DIRECTLY IN FRONT OF WHERE SHE WAS SITTING, AND BEGAN PUNCHING HER ON THE FACE WITH BOTH OF HIS CLOSED FISTS. I ASKED FERGUSON TO RATE HOW HARD HER FATHER WAS HITTING HER, ON A SCALE OF 1 TO 10, WITH "1" BEING BARELY TOUCHING HER AND "10" BEING AS HARD AS SHE THOUGHT HER FATHER COULD PHYSICALLY HIT HER AND SHE ADVISED THAT HER FATHER WAS HITTING HER A "10" ON THE SCALE. SHE ADVISED THAT HER NOSE AND CHEEK AREA WERE HURTING AND I DID OBSERVE A SMALL CUT ON THE RIGHT SIDE OF HER NOSE, VERY CLOSE TO THE INNER MOST PORTION OF HER EYE. THIS WAS A VERY SMALL CUT, THAT WAS BLEEDING AT THE SURFACE. I COULD OBSERVE NO OTHER INJURIES ON THE VICTIM.

JENNIFER FERGUSON ADVISED ME THAT AFTER SHE HAD BEEN HIT ON THE FACE TWICE, THAT SHE JUMPED UP FROM THE CHAIR AND IMMEDIATELY BEGAN TRYING TO GET TO THE TELEPHONE TO CALL 911, WHEN GENE FERGUSON GRABBED THE PHONE FROM HER HANDS AND THEY CONTINUED TO ARGUE VERBALLY. GENE FERGUSON THEN TOLD HER THAT HE WAS GOING TO SHOOT AND KILL HER, AND HE WALKED OFF TO A BACK BEDROOM. MOMENTS LATER HE RETURNED WITH ONE OF HIS HANDS UNDERNEATH HIS JACKET, AS IF HE HAD BROUGHT A GUN FROM THE REAR OF THE HOUSE. JENNIFER FERGUSON ADVISED ME THAT OFTEN A GUN IS KEPT IN THAT BEDROOM, BUT THAT SHE WAS NOT SCARED AT THIS TIME, BECAUSE SHE KNEW THE GUN WAS NOT AT THE HOUSE ON THIS DATE. WHEN SHE TOLD THE SUSPECT THAT SHE KNEW THE GUN WAS NOT AT THE HOUSE, THE SUSPECT RETRIEVED A LARGE KITCHEN KNIFE FROM A DRAWER IN THE KITCHEN, AND BEGAN ADVANCING TOWARDS THE VICTIM. THE VICTIM WAS BOXED IN THE KITCHEN, AND THE ONLY PLACE TO GO WAS THROUGH A DOOR TO A SMALL UTILITY ROOM, WHICH HOUSES THE WASHER AND DRYER, IN THE HOUSE. SHE ADVISED SHE MADE IT INTO THIS ROOM AND WAS ATTEMPTING TO CLOSE THE DOOR, WHEN THE SUSPECT MADE IT TO THE DOOR AND SHE WAS UNABLE TO CLOSE IT ALL THE WAY. SHE ADVISED THAT SHE WAS PUSHING ON THE INSIDE OF THE DOOR, TO TRY TO GET IT CLOSED, AND HER FATHER WAS PUSHING FROM THE OUTSIDE, TRYING TO GET IN WITH HER.

| Supplement No | |
| --- | --- |
| **ORIG** | |

### Narrative

SHE ADVISED THAT HIS HAND, WHICH WAS HOLDING THE KNIFE, WAS STUCK THROUGH THE DOORWAY, TO THE INSIDE OF THE ROOM WHERE SHE WAS AT, AND SHE WAS VERY SCARED. THE VICTIM THEN ADVISED THAT FOR AN UNKNOWN REASON, THE SUSPECT STOPPED TRYING TO ATTACK HER, WENT BACK AND PUT THE KNIFE IN THE DRAWER, WHERE HE RETRIEVED IT FROM, AND CALLED 911 HIMSELF, TO HAVE OFFICERS COME TO THE SCENE. SHE ADVISED WHILE HE WAS SPEAKING WITH 911 OPERATORS, SHE WAS TRYING TO GRAB THE PHONE FROM HIM AND SPEAK TO THE 911 OPERATORS ALSO, AND THEY WERE BOTH FIGHTING OVER THE PHONE, WHILE OFFICERS WERE EN ROUTE.

THE VICTIM ALSO ADVISED ME THAT HER RIGHT HAND WAS HURTING AND WAS SORE, FROM WHERE SHE HAD BEEN PUSHING AS HARD AS SHE COULD AGAINST THE DOOR OF THE LAUNDRY ROOM TO KEEP THE SUSPECT FROM ENTERING AND HURTING HER.

I ASKED THE VICTIM IF AT ANY TIME DURING THE ARGUMENT, DID SHE HIT THE SUSPECT, AND SHE ADVISED THAT SHE DID NOT. SHE ADVISED THAT SHE WAS NEVER THE AGGRESSOR IN THE ALTERCATION.

AFTER I WAS FINISHED INTERVIEWING THE VICTIM, I MADE CONTACT WITH OFFICER DEMOTT AND THE SUSPECT, GENE FERGUSON, WHO WERE IN ANOTHER ROOM OF THE HOUSE. OFFICER DEMOTT HAD ALREADY INTERVIEWED MR FERGUSON AND HE ADVISED HER THAT HIS DAUGHTER, JENNIFER FERGUSON, HAD STOLEN $44 FROM HIM THE PREVIOUS NIGHT TO BUY CRACK-COCAINE AND THAT HE HAD JUST DISCOVERED IT THIS MORNING. THIS WHAT STARTED THE ARGUMENT ON THIS DATE. OFFICER DEMOTT TOLD ME THAT GENE FERGUSON HAD TOLD HER THAT HE NEVER TRIED TO HIT THE VICTIM, AND IN FACT, IT WAS THE VICTIM WHO HAD THROWN SEVERAL ITEMS IN THE KITCHEN AT HIM.

I THEN SPOKE WITH GENE FERGUSON, MYSELF, AND ASKED HIM TO RELATE TO ME WHAT HE HAD ALREADY TOLD OFFICER DEMOTT, SO THAT I WOULD BE SURE OF HIS ACCOUNT OF WHAT HAD HAPPENED. HE ADVISED ME THAT AS HE AND THE VICTIM WERE VERBALLY ARGUING IN THE KITCHEN, THAT HE "WENT AFTER HER". I THEN ASKED MR FERGUSON WHAT EXACTLY HE MEANT BY "WENT AFTER HER," AND HE STATED THAT "SHE'S MY KID, AND SHE'S NOT GOING TO TREAT ME LIKE THAT, CURING IN MY FACE." GENE FERGUSON BASICALLY DESCRIBED THAT HE LUNGED TOWARDS THE VICTIM, HOWEVER, HE WAS NOT ABLE TO REACH HER. I ASKED HIM WHAT HE WAS GOING TO DO HAD HE REACHED HER, AND HE STATED, "IF I'D GOTTEN A HOLD OF HER, I DON'T KNOW WHAT I WOULD HAVE DONE TO HER."

GENE FERGUSON POINTED OUT TO ME THAT HE HAS ONE PROSTHETIC LEG FROM THE KNEE DOWN, AND REMINDED ME THAT HE'S 67 YOA, AND STATED THAT THESE FACTORS PROVED THAT HE COULD NOT CATCH AND ASSAULT THE VICTIM WITHOUT HER BEING ABLE TO GET AWAY. IN ADDITION, MR FERGUSON ADVISED AS HE WAS LUNGING TOWARDS THE VICTIM IN THE KITCHEN, THAT SHE THREW AN ASHTRAY AND A SMALL COOKING POT AT HIM, BOTH OF WHICH STRUCK HIM IN THE CHEST AREA, BUT DID NOT CAUSE ANY PAIN. HE ALSO ADVISED THAT SHE STRUCK HIM ON THE SHOULDER WITH A BROOMSTICK, WHICH DID NOT CAUSE HIM PAIN EITHER. WHEN I ASKED MR FERGUSON IF HE HAD IN FACT CHASED THE VICTIM INTO THE PANTRY AT THE END OF THE KITCHEN, HE ADVISED THAT HE HAD, AND THAT SHE HAD

## Narrative

BEEN HIDING FROM HIM IN THAT ROOM. MR FERGUSON DENIED EVER PUNCHING THE VICTIM ON THE FACE, THREATENING TO SHOOT HER, OR RETRIEVING A KNIFE FROM THE KITCHEN DRAWER AND THREATENING THE VICTIM WITH HIT.

I THEN RE-CONTACTED THE VICTIM AND ASKED HER WHY SHE HAD NOT TOLD ME ABOUT THROWING THE ASHTRAY AND THE POT AT HER FATHER, AND SHE ADVISED THAT SHE DIDN'T TELL ME ABOUT THEM, BECAUSE I DIDN'T ASK SPECIFICALLY ABOUT THEM.

I THEN HAD THE VICTIM EXPLAIN TO ME AGAIN, IN DETAIL, EXACTLY WHAT HAPPENED FROM START TO FINISH AND SHE RELATED THE SAME STORY THAT SHE HAD GIVEN THE FIRST TIME, BUT ADDED THAT SHE HAD THROWN AN ASHTRAY AND A POT AT HER FATHER, WHILE THEY WERE FIGHTING OVER THE PHONE, IN SPEAKING WITH 911 OPERATORS.

BASED ON THE BODILY INJURY THAT I OBSERVED ON THE VICTIM'S FACE, AND THE FACT THAT SHE REPORTS THAT THE SUSPECT THREATENED HER WITH A DEADLY WEAPON, GENE FERGUSON WAS PLACED UNDER ARREST FOR AGGRAVATED ASSAULT (FAMILY VIOLENCE).

DUE TO HIS AGE AND LACK OF MOBILITY IN HIS LIMBS, HE WAS HANDCUFFED WITH HIS HANDS IN FRONT OF HIS BODY, AND BOTH CUFFS WERE DOUBLE-LOCKED. HE WAS THEN ESCORTED TO MY PATROL UNIT, WHERE HE WAS SEARCHED AND PLACED INTO THE BACK SEAT OF MY PATROL UNIT. I WAS UNABLE TO SEAT-BELT HIM IN, BECAUSE AS MENTIONED EARLIER, ONE OF HIS LEGS IS PROSTHETIC FROM THE KNEE DOWN, AND HE HAD TO SIT SIDEWAYS WITH THAT LEG EXTENDED ACROSS THE ENTIRE WIDTH OF THE SEAT.

I THEN REMAINED WITH THE SUSPECT IN MY VEHICLE, WHILE OFFICER DEMOTT RE-CONTACTED THE VICTIM, TO GIVE HER THE OPPORTUNITY TO FILL OUT THE ARLINGTON POLICE DEPARTMENT VICTIM'S STATEMENT AND APPLICATION FOR MAGISTRATE'S EMERGENCY PROTECTIVE ORDER AND THE VICTIM DECLINED BOTH.

THE SUSPECT WAS THEN TRANSPORTED TO THE ARLINGTON CITY JAIL, WHERE WAS RELEASED TO JAIL PERSONNEL WITHOUT INCIDENT. HE WAS CHARGED WITH AGGRAVATED ASSAULT (FAMILY VIOLENCE), AND NO BOND WAS SET.

ONCE THE SUSPECT HAD BEEN RELEASED TO JAIL PERSONNEL, I CHANGED LOCATIONS TO THE MAIN STATION REPORT WRITING ROOM, WHERE THE KNIFE THE SUSPECT WAS ALLEGED TO USE TO ASSAULT THE VICTIM, WAS GIVEN EVIDENCE ITEM #JTC1, AND RELEASED TO THE MAIN STATION PROPERTY ROOM. THE TEXTURE OF THE KNIFE HANDLE DID NOT LEND ITSELF TO THE LIFTING OF LATENT PRINTS, AND SINCE THE KNIFE BELONGS TO THE VICTIM AND COULD HAVE BEEN USED BY HIM AT ANY OTHER TIME, I DID NOT FEEL THERE WAS ANY BENEFIT TO FURTHER PROCESS THE KNIFE.

CLEARED BY ARREST. NO FURTHER. EAST SIDE

# Incident Report

**DRAFT**

## Arlington, Texas Police Department

**000006407**

| | |
|---|---|
| Supplement No<br>0001 | |

| | |
|---|---|
| 620 W Division St | Reported Date<br>02/04/2000 |
| Arlington, TX 76010 | Nature of Call |
| (817) 459-5700 | Entry By<br>FOLEY,STEPHEN |
| (817) 459-5680(Records Dept.) | |
| P.O. Box 1065, Arlington TX 76004-1065 | |

## Incident Information

| Agency | | Report No | Supplement No | Reported Date |
|---|---|---|---|---|
| ARLINGTON POLICE | | 000006407 | 0001 | 02/04/2000 |

| Call No | Status |
|---|---|
| | |

| Nature of Call |
|---|
| |

| Location | | City | ZIP Code | PRA |
|---|---|---|---|---|
| | | | | |

| From Date | From Time | To Date | To Time | Officer |
|---|---|---|---|---|
| | | | | 1076/FOLEY,STEPHEN |

| Assignment | Entry By | RC Status |
|---|---|---|
| DOMESTIC CRIMES | FOLEY,STEPHEN | OWNER APPROVAL |

| RC Status Date | Status Time | Confidential? | RMS Transfer | Beat | Sector | Division |
|---|---|---|---|---|---|---|
| 02/04/2000 | 14:26:24 | | | | | |

| Location Name |
|---|
| |

| CPS | DA'S OFFICE | ME'S OFFICE | PROSECUTE NO | PROSECUTE YES | TABC |
|---|---|---|---|---|---|
| | | | | | |

### Narrative

Investigative Narrative #000006407 (Aggravated Assault)
Suspect: Ferguson, Gene
Victim: Ferguson, Jennifer
Detective S. Foley #1076
*******************

On 02/04/00 I received the above jail workout case which involved the above father (Gene) and daughter (Jennifer). On 02/03/00 the father and daughter had been at their residence located at 2405 Sherry St. in Arlington, Texas when they engaged into a verbal argument. Apparently, Jennifer stole money from her dad and they began arguing over the money, which escalated into a physical altercation. During the altercation, both parties were in the kitchen area when Jennifer threw an ashtray at dad. Dad grabbed Jennifer and they struggled when Jennifer was struck in the face. Jennifer ran into the laundry room and dad chased her and attempted to open up the laundry room door. Dad eventually called 911 and APD officers responded to the location. Jennifer told officers two versions of the incident and dad was also interviewed by officers. Officers observed a minor injury to the victim's nose and dad was placed under arrest for aggravated assault w/deadly weapon. Jennifer refused to prosecute and would not complete a victim's statement, but did advised that dad had been holding a kitchen knife during the altercation and threatened to shoot & kill Jennifer. Dad was arrested and transported to APD Jail.

On 02/04/00 I called Jennifer at home and she could not believe that officers arrested her physical handicap father, when she started the altercation. Jennifer admitted that she started the fight by throwing the ashtray at dad. Jennifer also advised that the only knife that she observed was when dad was cutting food in the kitchen, prior to the fight. Jennifer advised that her father never made any advanced movements with any weapons and that he should have never been arrested and does not want to pursue the above criminal charge. Jennifer also claimed that she did take money from dad to purchase more prozac and that she is an ex-crack cocaine user. Jennifer also advised that she had the cut on her nose prior to the fight with her father.

After reviewing the above felony aggravated assault charge, the above charge will be reduced to assault bodily injury and sent over to the DA's office. CBA/Patrol/02/04/00/spf.

REMARKS: ( ) UNDERSTANDS      . . . . . . . . . . . . . . . . . . . . . . . . . .

OTHER: . . . . . . . . . . . . . . . . . . . . . . .      ADDRESS
                             .                ARLINGTON CITY JAIL
                                              ARLINGTON, TX

DOB: 332083

*DELETE WHAT IS NOT APPLICABLE

                                ARREST  NO.  P00253475
                                OFFENSE NO.  000006407
                         TICKET/WARRANT NO.

                    PROBABLE CAUSE DETERMINATION
                    _____

     ON THE ABOVE DATE, SUFFICIENT FACTS HAVE BEEN PRESENTED
TO ME:  ( ) BY AFFIDAVIT
        ( ) BY SWORN TESTIMONY
        (✓) OR OTHERWISE . . . . . . . . . . . . . . . . . . . . . . . . . . . .
TO SHOW THAT PROBABLE CAUSE EXISTS FOR THE CONTINUED
DETENTION OF THE PRISONER DESIGNATED ABOVE AS TO THE CHARGES
STATED HEREINABOVE, TO CERTIFY WHICH WITNESSETH MY HAND.

                        . . . . . . . . . . . . . . . . . . . . . . .
                            MAGISTRATE



**U.S. Department of Justice**

United States Attorney
Northern District of Texas

1100 Commerce St., 3rd Fl.
Dallas, Texas 75242-1699

Telephone (214) 659-8600
Fax (214) 767-0978

FOR IMMEDIATE RELEASE
CONTACT: 214/659-8600
www.usdoj.gov/usao/txn

DALLAS, TEXAS
NOVEMBER 28, 2006

### LOCAL METHAMPHETAMINE RING LEADER SENTENCED TO LIFE IMPRISONMENT ON DRUG CONSPIRACY CONVICTION

*Alejandro Tamayo Charged with Aggravated Assault on a Federal Officer During Execution of Search and Arrest Warrants in February*

Local methamphetamine distribution drug leader Alejandro Tamayo, age 44, was sentenced late yesterday to life imprisonment by the Honorable Barbara M.G. Lynn, United States District Judge, announced United States Attorney Richard B. Roper.

Tamayo pled guilty in July to one count of conspiracy to possess with intent to distribute in excess of 500 grams of methamphetamine. On February 16, 2006, the Dallas Police Department SWAT Unit was assisting the Drug Enforcement Administration in the execution of a federal search and arrest warrant at Tamayo's home at ▮▮▮ Oak Park Drive in Dallas. Tamayo fired upon the SWAT officers as they as they attempted to make entry into the fortified home. Four officers sustained injuries, although none were life threatening. During the subsequent search of the home, law enforcement officers seized approximately $130,000 in U.S. currency, eight firearms and approximately two kilograms of cocaine.

At Monday's sentencing hearing, Judge Lynn also ordered Tamayo to forfeit his interest in the residence at ▮▮▮ Oak Park Drive in Dallas, two vehicles, approximately $130,000 in currency, and the eight firearms and ammunition seized during the execution of the search warrant. Judge Lynn further ordered restitution in the amount of $37,662.44 to the City of Dallas for the injured officers' medical bills.

Dallas Police Officers Adolfo Perez, Dale Hackbarth and Kenneth Wilkins testified at the hearing describing the events as they occurred the morning of the arrest and the nature and extent of their injuries.

Tamaya's co-defendants Alonso Avalos, aka "Chapparito," age 38, Pavel Nieto-Garcia, age 22, and Steven Cortez, aka "Burro," age 33, have also pled guilty to the conspiracy charge and are scheduled for sentencing in February, 2007. Co-defendant Alayn Galindo is scheduled for trial in January, 2007, and co-defendants Jorge Nieto-Hernandez, age 54, and Adrian Montiel, age 52, remain fugitives.

The other related superseding indictment also charged each of the following defendants with conspiracy to possess with the intent to distribute methamphetamine:



EXHIBIT
H-1

- Wally Lupe Cobos, age 58
- Donovan Whitehorse, age 20
- Jessie Rodriguez, age 33
- Jessie Mojica, age 57
- Arturo Gonzalez, a/k/a "Tury," age 42

All of these defendants have pled guilty and Wally Lupe Cobos was sentenced to 240 months imprisonment, Donovan Whitehorse was sentenced to 68 months and Jessie Mojica was sentenced to 108 months. Defendants Rodriguez and Gonzalez are scheduled to be sentenced next month.

Wally Lupe Cobos was ordered to forfeit to the United States his residence at ▆▆ SE 14th Street in Grand Prairie, Texas, one vehicle, miscellaneous electronic and video equipment, and miscellaneous pieces of jewelry. Jesse Mojica was ordered to forfeit his property at ▆▆ S. Edgefield in Dallas and three firearms.

U.S. Attorney Roper thanked and praised the excellent cooperative investigative work of the North Texas High Intensity Drug Trafficking Area (HIDTA) which includes the Drug Enforcement Administration; Federal Bureau of Investigation; Internal Revenue Service - Criminal Investigation; Bureau of Alcohol, Tobacco, Firearms and Explosives; Immigration and Customs Enforcement; and the Dallas, Fort Worth, Arlington and Grand Prairie Police Departments. The cases were prosecuted by Assistant United States Attorney Suzanna O. Estessam.

###

E-mail    Print   Share +

Oct 17, 2007 2:24 pm US/Central

# Woman Charged With Shooting Dallas SWAT Officer

DALLAS (CBS 11 News) — A veteran Dallas SWAT officer was shot in the neck while helping federal agents serve a warrant in southeast Dallas. Lt. Carlton Marshall was taken to Methodist Dallas Medical Center where he underwent surgery and is now in ICU in critical but stable condition.

Lt. Marshall was part of a group of law enforcement officers serving a federal warrant about 6 a.m. in the 1100 block of Hollywood.

Dallas police officials say 19-year-old Marisela Villa has been charged with attempted capital murder for shooting Lt. Marshall. DPD sources say it's the first time anyone at the department can remember a woman being charged with shooting an officer.

Authorities said as the officers attempted to enter the building, shots were fired from inside the house. Marshall was outside the building when he was hit. Lt. Vernon Hale said during a news conference about two hours after the shooting. According to Hale, "Not a single shot was fired, by any Dallas police officer, at anytime during this incident."



1 of 3                    Click to enlarge

Lt. Carlton Marshall is a 21-year veteran of the Dallas Police Department.
CBS 11 News

**Related Stories**

Tactical Physicians Talk About Saving SWAT Officer (10/17/2007)

Police say there were weapons inside the house.

During a later news conference, Hale said Marshall "is expected to survive". Lt. Marshall, a 21-year veteran of the Dallas Police Department, suffered at least one gunshot and lost a lot of blood despite wearing armored gear. Hale also said he believed two physicians assigned to the SWAT team saved Marshall's life. Emergency room Dr. Jeff Metzger and trauma surgeon Alex Eastman are both Parkland Hospital physicians and accompanied the SWAT team.

Members of the Dallas Police Department, including Chief David Kunkle, joined the officer's family members at the hospital and remained throughout the morning.

"Officers want to show our support for each other; it doesn't matter if it's a shooting or other injury," Cerda said of the gathering of police presence at the hospital.

CBS 11's Beth Wagner reported from the intersection of Hollywood Avenue and W. Clarendon that four people -- one adult woman, one juvenile male and two adult men -- were taken into custody. An infant, also at the location, is now in the custody of Child Protective Services.

Hale referred all questions about the details of the warrant to federal agencies. CBS 11 News has learned that the search warrant leading to this morning's arrests was issued from the Western District of Texas and is still sealed. Until it is unsealed, neither the Attorney General nor any other agency can share any information about the case including the names of those arrested, charges or even the identity of the agency leading the investigation.

Sources, however, said weapons were found in the building. Officers will continue their investigation throughout the day.

Marshall, who has worked with Dallas SWAT since November 2006, comes from a family of law enforcement. His father is a retired Dallas police officer and his wife works for another North Texas police agency, Hale said.

Hale called Marshall "a great asset and a very experienced officer."

Stay with cbs11tv.com for the latest information.

(© MMVII, CBS Broadcasting Inc. All Rights Reserved.)

EXHIBIT
H-2
PENGAD-Bayonne, N. J.

E-mail    Print    Share +

Jan 7, 2009 10:38 pm US/Central

# DPD Releases New Details About Officer's Murder

DALLAS (CBS 11 / TXA 21) — Two men are in custody in the shooting death of a Dallas police officer on Tuesday.

Officers took the men into the Dallas County Jail Tuesday night after the shooting death of veteran gang unit member Sr. Corporal Norman Smith, who was shot and killed Tuesday while serving an arrest warrant at the Oak Wood Place Apartment Complex.

Police charged Charles Patrick Payne, 26, with capital murder of a public servant and two counts of attempted capital murder of a public servant. Police say he is under suicide watch in jail.

One of Payne's relatives said Charles thought thieves were trying to get into the apartment.

According to a Dallas Police transcript of the emergency call made from inside the apartment, a person "came on the line screaming that 2 males had tried to kick in his door and shot at him." He left a call back number and shouted that police were there and was told to speak to them.



1 of 4          Click to enlarge

Dallas County Jail

Related Stories

DPD: Officer Killed Serving
Warrant, 3 Questioned
(1/7/2009)

However, police say Sr. Cpl. Smith and the officers he was with clearly identified themselves as police officers.

"The gang unit officers were wearing Dallas Police uniforms with a badge, with a patch," said Dallas Police Lt. Andy Harvey.

According to police, the gunshots were fired through the door and after the door was open. Police still are not sure which of the gunshots killed Smith.

William LaPaul Jobe also was questioned overnight and also taken into custody, but the 29-year-old has not been charged in the senior corporal's murder. He is being held at the jail on an outstanding felony warrant.

Records reveal Payne does not have a prior criminal record. Jobe was wanted for the robbery of an Arlington game room in May of 2007.

According to police, Payne, Jobe, and another man were inside a unit at the Oak Wood Place Apartments near Loop 12 on Tuesday when officers attempted to serve Jobe a felony warrant from Arlington for aggravated robbery.

Police say it was a high-risk situation.

"You always have that fear of the unknown; don't know what's behind that door," said Detective Leroy Quigg with the Dallas Police Department's Gang Unit.

Police won't release the exact details of what led up to the shooting, but Lt. Harvey did say, "They knocked on one of the apartment doors and when they did, they were met with gunfire."

Residents who live next to the apartment say they heard several shots fired.

"They knocked on the door and said, 'Gang unit' and they kicked the door and that's when they started shooting and the officer was shot," said resident Eboni Hooks.

Police say they found drugs and a weapon inside the apartment.

"In any case like this, our department will always look to see if anything could have been done better," said Lt. Harvey.

Wednesday, CBS 11 News crews were there when several police officers conducted a sweep of the apartment complex, serving outstanding warrants and looking for any illegal activity. At least half dozen people were taken into custody.

In 2008, Dallas police say there were 162 incidents requiring police response at the Oak Wood Place Apartment Complex. Another Dallas officer was shot there in 1998.

Smith was a former Dallas Police Officer of the Year and would have marked his 18th year on the force on Jan. 7. He was popular with his peers, dozens of whom went to Baylor Medical Center in Dallas when paramedics took Smith there last night.

"He was our leader," said Sr. Cpl. Robert Munoz. "A lot of us looked up at Norm."

Tributes are flowing in for the fallen officer. Flags throughout Dallas were flown at half staff. A memorial surrounds his squad car in front of the Jack Evans Headquarters Building. Before Tuesday's city council meeting, council members held a moment of silence in his honor.

Click here to read more about Smith's impact on the community.

A candle light vigil will be held for Smith at Dallas Police Headquarters on Thursday at 7:30 p.m. There will also be open visitation at Restland Cemetery in Dallas. His funeral will be at 11 a.m. Friday at the Potter's house.

A memorial fund has been established for the fallen officer. Donations can be made at any **City Credit Union** branch. Find a location near you and ask about the Norman S. Smith Memorial Fund.

(©) MMIX, CBS Broadcasting Inc. All Rights Reserved.)



EXHIBIT

H-3



TEXT ONLY





OPERATIONS BUREAU

COMMUNICATIONS AND TECHNOLOGY

CRIMINAL INVESTIGATIONS

JUDICIAL SERVICES

PATROL

TRAINING

SHERIFF'S OFFICE

SITE MAP

HOME

LOGIN

REGISTER



Stockyards

## Criminal Investigations Division

## Warrant Division Annual Reports

### Annual Report

|      | Endeavors | Arrests | Field Arrests | Serves |
|------|-----------|---------|---------------|--------|
| 2008 | 16,918 | 18,393 | 2,868 | 20,827 |
| 2007 | 18,722 | 29,094 | 3,048 | 32,125 |
| 2006 | 18,783 | 28,655 | 3,495 | 31,939 |
| 2005 | 19,622 | 22,025 | 4,932 | 26,325 |
| 2004 | 25,424 | 23,067 | 5,774 | 27,265 |
| 2003 | 24,390 | 24,367 | 5,152 | 24,367 |
| 2002 | 29,867 | 15,303 | 5,102 | 19,242 |

### Major Warrants Served

|      | Child Sex | Adult Sex | Injury to Child | Murder | Drug Traffic | Burglary | Felony | Robbery | Auto Theft |
|------|-----------|-----------|-----------------|--------|--------------|----------|--------|---------|------------|
| 2008 | 162 | 47 | 107 | 19 | 2,266 | 486 | 438 | 186 | 346 |
| 2007 | 129 | 28 | 62 | 25 | 2,461 | 605 | 389 | 180 | 343 |
| 2006 | 117 | 51 | 67 | 32 | 2,542 | 710 | 359 | 178 | 359 |
| 2005 | 195 | 141 | 134 | 33 | 2,767 | 773 | 462 | 205 | 1,676 |
| 2004 | 346 | 88 | 197 | 67 | 3,351 | 1,102 | 1,445 | 276 | 472 |
| 2003 | 377 | 113 | 179 | 113 | 3,000 | 1,071 | 1,425 | 318 | 482 |
| 2002 | 423 | 137 | 114 | 93 | 2,973 | 1,048 | 1,392 | 340 | 517 |

Content Last Modified on 10/30/2008 10:11:02 AM

Search  Back  Printable Version  Previous

**Tarrant County Sheriffs Office**
200 Taylor, Fort Worth, TX 76102
(817) 884-3099

Privacy Policy ¦ Accessibility Statement ¦ Media Inquiries
Technical (Web) Issues ¦ General Information ¦ Web Site Awards

Request for Documents under the Public Information Act

County Telephone Operator: 817- 884-1111



EXHIBIT
I

Tarrant County provides the information contained in this web site as a public service. Every effort is made to insure that information provided is correct. However, in any case where legal reliance on information contained in these pages is required, the official records of Tarrant County should be consulted. Tarrant County is not responsible for the content of, nor endorses any site which has a link from the Tarrant County web site.

100 E. Weatherford, Fort Worth, Texas 76196
Copyright 2001-2005 Tarrant County, TX